Case 4:14-cv-01706   Document 21   Filed in TXSD on 11/18/15   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 18, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMITT JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civ. A. H-14-1706 |
| | § | |
| JPMORGAN CHASE, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227(b)(1)(A)(ii), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(d)(5), and the Texas Finance Code, section 392.304 (Texas Debt Collection Act ("TDCA")), is Defendant JPMorgan Chase Bank, N.A.'s ("JPMC's") motion for summary judgment (instrument #17). Plaintiff Emmitt Johnson has failed to file a response and thus failed to meet its burden of proof on summary judgment.

### Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to

find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the nonmovant bears the burden of proof at trial, the movant must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the nonmovant's claim; the movant may, but does not have to, negate the elements of the nonmovant's case to prevail on summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).  "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its

cause(s) of action. *Morris v. Covan World Wide Moving, Inc,*, 144 F.3d 377, 380 (5th Cir. 1998).

Conclusory allegations unsupported by evidence will not preclude summary judgment. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "'[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . .'" *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990), *quoting Anderson v. Liberty Lobby, Inc.*. 477 U.S. 242, 247-48 (1986). "Nor is the 'mere scintilla of evidence' sufficient; 'there must be evidence on which the jury could reasonably find for the plaintiff.'" *Id., quoting Liberty Lobby*, 477 U.S. at 252. The Fifth Circuit requires the nonmovant to submit "'significant probative evidence.'" *Id., quoting In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1978), and *citing Fischbach & Moore, Inc. v. Cajun Electric Power Co-Op.*, 799 F.2d 194, 197 (5th Cir. 1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999), *citing Celotex*, 477 U.S. at 322, and *Liberty Lobby*, 477 U.S. at 249-50.

Allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1995)(for the party opposing the motion for summary judgment, "only

evidence--not argument, not facts in the complaint--will satisfy' the burden."), *citing Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991). The nonmovant must "go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial." *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001), *citing Celotex*, 477 U.S. at 324.

**JPMC's Motion for Summary Judgment**

With supporting evidence, JPMC presents the following undisputed facts. On or about October 11, 2002 when Plaintiff sought a loan from Washington Mutual, he provided the bank with his cellular telephone number as a means of contacting him. Ex. A-1. He obtained the loan, which was secured by a deed of trust (Ex. A-2), on or about December 11, 2002. On September 25, 2008, JPMC purchased some assets and liabilities of Washington Mutual, including all loans and loan commitments, from the Federal Deposit Insurance Corporation. Ex. C. On approximately September 21, 2009 Plaintiff sought a loan modification. Ex. A-3. Around August 31, 2011 Plaintiff sent JPMC a letter asking JPMC not to call him at home or at work. Ex. B-1. On or about October 29 and 31, 2011 by two facsimiles Plaintiff provided his cell phone number as his contact information and requested that he be reached at that number. Exs. A-10. A-11. Around June 4, 2012, Plaintiff sent another facsimile to JPMC containing a flat fee MLS listing agreement that identified the same cell phone number for communicating with him.

JPMC argues that it is entitled to summary judgment as a matter of law on each of Plaintiff's claims.

First, 47 U.S.C. § 227(b)(1)(A)(ii) of the TCPA relates to calls made "to the telephone line of any guest room or patient room of a hospital, healthcare facility, elderly home, or similar establishment," clearly not applicable here. If Plaintiff meant to cite § 227(b)(A)(iii)("to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call"), JPMC insists it is still entitled to summary judgment because Plaintiff provided that number in connection with the loan and thus gave his prior express consent to be called at that number. Ex. A-1; *Cherkaoui v. Satander Consumer USA, Inc.*, 31 F. Supp. 3d 811, 815 (S.D. Tex. 2014)("Plaintiff's provision of his cell phone number on the Credit Application constitutes his prior express consent to be contacted on that cell phone using an automated telephone dialing system."), *citing In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 564 (2008)(Although the general rule is that autodialed calls to wireless phones are not permissible, under the exception for wireless numbers provided by the called party as part of a credit application, such calls are allowed because the called party has, in effect, given his permission). Even though Plaintiff relies on two letters to demonstrate that he revoked his consent to be called at that number, in actuality neither of the letters specifies that number. Exs. B-1, B-2. Furthermore, Plaintiff

provided that number numerous times before and after he allegedly revoked his consent.  Exs. A-3--A-12.  On October 31, 2011 Plaintiff expressly asked to be called at that number.  A-11.  On June 4, 2011 he provided the number to JPMC in connection with his request for mortgage assistance.  A-12.  There is no evidence that he revoked his consent to be called at this number, and he continued to provide that cell phone number even after he revoked his consent to be called at his home and work numbers.  Because Plaintiff gave his prior, express consent to call the cell phone number and did not revoke his consent, JPMC is entitled to summary judgment on the TCPA.  The Court agrees that JPMC has provided substantial evidence supporting its TCPA argument, while Plaintiff has failed to meet his burden to raise a genuine isssue of material fact or law.

As for Plaintiff's claim under the FDCPA, JPMC insists that it prevails because it is not a "debt collector" as defined under the Act, 15 U.S.C. § 1692(a)(6), which expressly excludes from the statutory definition "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).  *See Perry v. Steward Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").  Because JPMC is the owner of the

debt, it is a creditor of Plaintiff (Ex. C), and it is also the servicer of the loan (Ex. A, ¶ 3). A bona fide creditor and service of Plaintiff's loan is not a debt collector subject to the FDCPA. Here, too, the Court concurs.

Finally JPMC maintains it did not violate Texas Finance Code § 392.304, which prohibits the use of fraudulent, deceptive or misleading representations. Plaintiff does not allege that JPMC used such misrepresentations. Nor can Plaintiff's Complaint be read to assert a violation of § 392.302.[1] To state a claim for violating the TDCA, a Plaintiff must allege facts showing that (1) Defendant is a debt collector, (2) Defendant committed a wrongful act in violation of the TDCA, (3) the wrongful act was committed against Plaintiff, and (4) Plaintiff was injured as a result of Defendant's wrongful act. Tex. Fin. Code §§ 392.001-392.404.

---

[1] Section 392.302 of the Texas Finance Code provides,

In debt collection, a debt collector may not oppress, harass, or abuse a person by

(1) using profane or obscene language or language intended to abuse unreasonably the hearer or reader;

(2) placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;

(3) causing a person to incur a long distance telephone toll, telegram fee, or other charge by a medium of communication without first disclosing the name of the person making the communication or;

(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls with the intent to harass a person at the called number.

Essential to a claim under § 392.202 is that Defendant is endeavoring to collect a consumer debt. As indicated, Plaintiff was attempting to obtain a modification of his loan and asked a number of times that JPMC contact him by his cell phone number. Exs. A-3--A-12. Communications relating to modification of a debt are not debt collection activities within the meaning of the TDCA. *Thompson v. Bank Of America Nat. Ass'n*, 783 F.3d 1022, 1026-27 (5th Cir. 2015)("Communications in connection with the renegotiation of a loan do not concern the collection of a debt, but, instead, relate to its *modification* and thus they do not state a claim under Section 392.304(a)(19)), *citing Singha v. BAC Home Loans Servicing, LP*, 564 Fed. Appx. 65, 71 (5th Cir. 2014). Because JPMC did not engage in conduct that constitutes debt collection for TDCA purposes, it is entitled to summary judgment. Again this Court agrees.

Accordingly, for the reasons stated above, the Court

ORDERS that JPMC's motion for summary judgment (#17) is GRANTED. Final Judgment will issue by separate document.

**SIGNED** at Houston, Texas, this 18th day of November, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE